IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00416-TPO

JUNE YVONNE KENDALL,

Plaintiff,

v.

LARIMER COUNTY SHERIFF'S OFFICE,
DEPUTY CODY ARMSTRONG,
DEPUTY ANDREA MAXWELL,
DEPUTY JON BINSFELD, and
SERGEANT JAMES WESTERFIELD,

Defendants.

---

**ORDER**[1]

---

**Timothy P. O'Hara, United States Magistrate Judge.**

Before this Court is Defendants' Motion to Dismiss. ECF 31. The Motion is fully briefed.[2] Having considered the Motion and its briefing, the relevant portions of the record, and the oral argument presented by the Parties, this Court **grants** Defendants' Motion and dismisses Plaintiff's Third Amended Complaint (TAC) without prejudice.

---

1 The Parties consented to this Court's jurisdiction, ECF 44, and was referred the matter to this Court "for all purposes pursuant to 28 U.S.C. § 636(c)," ECF 51.

2 The briefing consists of Defendants' Motion, Plaintiff's Response [ECF 41], and Defendants' Reply [ECF 65].

# BACKGROUND

## I. Factual Background

Plaintiff's TAC describes a confrontational relationship with her neighbors that sometimes involved the Larimer County Sheriff's Office (LCSO). ECF 14 at 4-6. Plaintiff complains that the Defendant deputies (Westerfield, Armstrong, Maxwell, and Binsfeld) generally refused to intervene on her behalf in the various incidents that arose and instead responded to situations in a way that was favorable to the neighbors. *Id*. Multiple incidents occurred between October 2022 and January 27, 2023.[3]

Then on January 31, 2023, Plaintiff was in her yard with her dog when a neighbor, Ms. Tina Schmitt, drove past with her two dogs on a "Gator" type recreational vehicle. ECF 14 at 6. The neighbor drove past in one direction, turned around, and then drove past again in the opposite direction. *Id*. Plaintiff knelt down to secure her dog. *Id*. According to Plaintiff's TAC, the interaction was otherwise unremarkable.

That same day in the evening, Defendant Armstrong called Plaintiff to ask her about the interaction with Ms. Schmitt. ECF 14 at 6. Plaintiff "repeatedly told him that nothing had happened" and that she "did not speak to a single neighbor that day." *Id*. Plaintiff then ended the call. *Id*. at 7.

Plaintiff alleges that on February 7, 2023, Defendant Armstrong "sign[ed] a sworn Affidavit in Support of Arrest Warrant" (ASAW) thereby "initiating the legal process against Plaintiff." ECF 14 at 7. Plaintiff does not specifically allege that a warrant was issued for her arrest.

[3] Plaintiff references "Audio Evidence" of at least some of these interactions. This Court notes that Plaintiff submits self-prepared transcripts of recordings that she made of these interactions at ECF 42. The Court does not consider those as part of the present Motion.

On February 10, 2023, Plaintiff was arrested. ECF 14 at 7. At her initial appearance, Plaintiff learned that on January 31, 2023, Ms. Schmitt accused her of getting into a "Charlies Angel's stance and pointing a gun at [her]" as she passed Plaintiff's residence on her Gator."[4] *Id*. Plaintiff was charged with menacing, a felony, and prohibited use of weapons, a misdemeanor. *Id*. Plaintiff notes that she spent three days and two nights in the Boulder County Jail. *Id.* Plaintiff contends that "[n]o probable cause supported [her] arrest, confinement, or prosecution." *Id*. at 8.

On April 4, 2024, all criminal charges against Plaintiff were dismissed. *Id*. at 10. The criminal case subsequently was sealed. *Id*.

Plaintiff makes multiple allegations relating to the investigation and prosecution that followed her arrest. Some are conclusory and cannot be considered by the Court without factual support. *See e.g*., ECF 14 at 9 (Defendant Armstrong "filed false charges against [her] based on a false and distorted narrative containing material misrepresentations and omissions, perjury, and fabrication of evidence designed to fabricate probable cause.") Others are more specific. *See e.g., id*. at 27 ("On February 7, 2023, in LCSO['s] and Armstrong's ASAW, he fabricates evidence, a gun, into my hand at the time of the incident."); at 9 (suggesting that Defendant Armstrong ignored video evidence that demonstrated Ms. Schmitt was dishonest to the police); *see also id*. at 11 (referencing photos deleted from her computer after seizure). Plaintiff also complains about discrepancies between the information that Plaintiff heard the deputies tell her and what those deputies reported telling Plaintiff. *Id*. at 16.

---

4 Plaintiff later states that Ms. Schmitt "falsely claimed that I pointed a "Smith & Wesson 9mm at her." ECF 14 at 26. She then states "Plaintiff owns – but was not holding – a .38 revolver with no hammer. The two handguns are clearly very different." *Id*.

Not only does Plaintiff deny that probable cause existed to support her arrest, Plaintiff accuses the Defendants of pursuing her arrest with malicious intent. ECF 14 at 8-9. She also accuses the Defendants, generally, of the "manufacture of false evidence" against her, *id*. at 18, and specifically, of "fabricat[ing] evidence, a gun, into [her] hand at the time of the incident," *id*. at 27.

Plaintiff alleges that Defendant Armstrong and the LCSO executed a search warrant at her residence on February 11, 2023. ECF 14 at 26, 29. The search revealed a ".38 revolver" which Plaintiff notes is a handgun type different than the one described by Ms. Schmitt. *Id*. at 14.

## II. Documents that Defendants Submitted

"In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941 (10th Cir. 2002)). However, documents submitted as part of the briefing that are not referenced or attached in the complaint, or have disputed authenticity, will not be considered. *See GFF Corp. v. Associated Wholesale Grocers, Inc*., 130 F.3d 1381, 1384 (10th Cir. 1997) (citations omitted); *Espinosa v. Thermacline Tech., Inc*., No. CIV-21-499-D, 2021 WL 5023167, at *2 (W.D. Okla. Oct. 28, 2021) (refusing to consider documents with disputed authenticity.)

Plaintiff submits no documents as part of her TAC or her Response brief. *See* ECFs 14 and 41. Defendants submit four documents to their Motion to Dismiss, all filed under restriction: 1) the ASAW, 2) the case report of Defendant Armstrong, 3) the Affidavit for Search Warrant of Plaintiff's home, and 4) the Affidavit and Search Warrant for Plaintiff's Amazon/Blink account. *See* ECFs 33, 33-1, and 33-2. The latter three documents are either not referenced in Plaintiff's

TAC or are not central to Plaintiff's TAC[5] and will not be considered by the Court as part of its analysis. As to the ASAW, though, Plaintiff discusses it throughout her TAC, and it is central to her malicious prosecution claim. Plaintiff's discussion of the ASAW in her TAC, alone, is insufficient.

Ultimately, this Court declines to consider the submitted arrest affidavit because Plaintiff disputes the authenticity of the version that Defendants submit, largely because it is unsigned by a judge. *See e.g.*, ECF 41 at 33-35; ECF 77 ("Plaintiff disputes the attachments submitted by Defendants and requests the Court not consider the records as part of the Motion to Dismiss."). In deciding to exclude the ASAW, the Court is guided by the decisions in *Lucero v. City of Aurora*, No. 23-cv-00851-SKC-SBP, 2025 WL 661639, at *2-3 (D. Colo. Feb. 28, 2025) and *Espinosa,* 2021 WL 5023167, at *2. The Court finds the present case distinguishable from those situations where the authenticity of the arrest-related documents submitted by defendants went unchallenged. *See Marshall v. Dix*, 640 F. Supp. 3d 1033, 1052 n.11 (D. Colo. 2022) (considering the arrest warrant attached by defendant); *Halik v. Darbyshire*, No. 20-cv-01643-PAB-KMT, 2021 WL 4556188, at *5 (D. Colo. Aug. 23, 2021) (same).

## LEGAL STANDARD

### I. Fed. R. Civ. P. 12(b)(6)

The purpose of Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citing *Miller v. Glanz*, 948 F.2d 1562. 1565 (10th Cir. 1991)). "To survive a motion to dismiss, a complaint

---

[5] In her TAC, Plaintiff generally references a "Search Warrant" at approximately three places, *see* ECF 14 at 9, 11, and 26, and quotes only a limited portion of it, *id*. at 29, in a way insufficient to make it central to the TAC.

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that a plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

*Twombly* requires a two-pronged analysis. First, a court must exclude from consideration "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.[6] *Id.* at 679–80. Second, a court should focus on the remaining factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. "While the Rule 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). "The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case." *Frey v. Town of Jackson, Wy.*, 41 F.4th 1223, 1233 (citing *Iqbal*, 556 U.S. at 679); *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more

---

6 "An allegation is conclusory if it states an inference without underlying facts or if it lacks any factual enhancement." *Frey v. Town of Jackson, Wy.*, 41 F.4th 1223, 1233 (10th Cir. 2022) (citing *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)).

than the mere possibility of misconduct," the complaint "has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted). *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## II. Pro Se Plaintiff's Complaint

A pro se plaintiff's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on the plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110). Nor is it the Court's obligation to do litigants' legal research for them. *We Alliance Secured Income Fund, LLC v. Swan*, No. 23-cv-02992-SKC-MEH, 2024 WL 2863805, at *2 (D. Colo. Mar. 25, 2024).

## III. Fed. R. Civ. P. 8

Pleadings stating a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[T]he twin purposes of a complaint are

to give the opposing party fair notice of the basis for the claims against them so that they may respond, and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief." *Tunson-Harrington v. Arthur*, No. 23-cv-00716-LTB-KLM, 2023 WL 4882730, at *2 (D. Colo. June 27, 2023) (citing *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan*., 891 F.2d 1473, 1480 (10th Cir. 1989)). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Plaintiff must allege, in a clear, concise, and organized manner, what each named defendant did to [her], when the defendant did it, how the defendant's action harmed [her], what specific legal right [s]he believes the defendant violated, and what specific relief [s]he requests." *Tunson-Harrington*, 2023 WL 4882730, at *2 (citing *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007)). "[P]rolix, vague, or unintelligible pleadings violate the requirements of Rule 8." *Davalos v. Gossett*, No. 22-cv-0191-LTB-GPG, 2022 WL 18457304, at *3 (D. Colo. Dec. 5, 2022).

## DEFENDANTS' MOTION

Defendants move to dismiss Plaintiff's TAC for multiple reasons. ECF 31. First, Defendants argue that Plaintiff's nine claims are unintelligible and fail to meet the basic pleading standard of Fed. R. Civ. P. 8. *Id*. at 4-7. Defendants also argue that Plaintiff's TAC fails to state any plausible claims under the Fourth Amendment, either for false arrest or malicious prosecution. *Id*. at 7-12. Defendants claim entitlement to qualified immunity. *Id.* at 13. Finally,

Defendants claim Plaintiff fails to state a plausible claim under *Monell v. Dept. of Soc. Servs. of City of New York*, 429 U.S. 1071 (1977). *Id*. at 13-15.[7]

Plaintiff focuses her Response on the portions of the TAC that support a "Pattern of Misrepresentation and Fabrication *by Investigator Armstrong*." ECF 41 at 3 (emphasis added). And in the "Summary of Fabrications and Omissions," Plaintiff again focuses on the fact that "[t]he record demonstrates a consistent pattern of misconduct *by Investigator Armstrong*." *Id*. at 32 (emphasis added).

## DISCUSSION

As an initial matter, the Court will not dismiss Plaintiff's TAC under Fed. R. Civ. P. 8. Although there are portions of the TAC that are improper, some of which are discussed below, considering the pro se status of the Plaintiff and the liberal construction that goes along with it, the Court finds that the Complaint complies with Fed. R. Civ. P. 8's low pleading bar. *See Hall*, 935 F.2d at 1110.

The first step in the analysis is for the Court "to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). The TAC contains nine claims for relief, all of which are labeled "42 USC § 1983—Fourth Amendment for Malicious Prosecution." ECF 14 at 11-31. Each of the claims are based on different aspects of the history between Plaintiff, her neighbors, and the Defendant law enforcement officers. Many of Plaintiff's allegations in the TAC pre-date her

---

[7] Defendants also reference a possible Fourteenth Amendment claim and defamation claim. The Court, even liberally construing Plaintiff's TAC, cannot make out the contours of a claim in these areas.

arrest. ECF 14 at 4-6, 11-16. Liberally construing Plaintiff's TAC, the Court also gleans a potential claim for false arrest/false imprisonment as well.[8] The difference between the two types of claims depends on whether Plaintiff was arrested with, or without, a warrant. *See Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013) (an unreasonable seizure without legal process precipitates a false imprisonment claim while an unreasonable seizure with a legal process precipitates a malicious prosecution claim).[9]

To prove a claim for false arrest, the Plaintiff must demonstrate that she was arrested both without a warrant and without probable cause. *Howl v. Alvarado*, 783 F. App'x 815, 818 (10th Cir. 2019) (citing *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995)). To prove a claim of malicious prosecution,[10] Plaintiff must demonstrate: (1) Defendant caused Plaintiff's continued confinement or prosecution, (2) no probable cause supported the original arrest, continued confinement, or prosecution, (3) the Defendant acted with malice,[11] (4) the original action

---

[8] As Justice Scalia recognized in *Wallace v. Kato*, 549 U.S. 384, 388 (2007), "[f]alse arrest and false imprisonment overlap; the former is a species of the latter."

[9] Plaintiff's failure to specify whether she was arrested with or without a warrant is a major deficit in the TAC and precludes her from stating any plausible claim. Plaintiff suggests that Defendant Armstrong signed the ASAW, "[i]nitiating the legal process against Plaintiff," ECF 14 at 7, but Plaintiff never alleges that a judge signed an arrest warrant or that one was shown to her at the time of her arrest. The Court addressed this issue with the Parties at the recent Hearing. This issue must be addressed in any amended complaint submitted by Plaintiff as it will determine the type of claim which she may pursue.

[10] This claim can be raised if Plaintiff's arrest occurred "after the institution of legal process," *i.e.*, after the issuance of an arrest warrant. *Myers*, 738 F.3d at 1194.

[11] A court may infer malice "if a defendant causes the prosecution without arguable probable cause." *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014) (quotation omitted).

terminated in Plaintiff's favor, and (5) Plaintiff sustained damages. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007) (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1291-97 (10th Cir. 2004)). The Court considers these elements in determining that Plaintiff fails to state a plausible claim for malicious prosecution. *Khalik*, 671 F.3d at 1192 (citing *Swierkiewicz*, 534 U.S. at 515; *Twombly*, 550 U.S. at 570). Because both false arrest/false imprisonment and malicious prosecution claims require the lack of probable cause, the Court addresses both claims simultaneously.

A law enforcement officer has probable cause to arrest when "the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *See Luethje v. Kyle*, 131 F.4th 1179, 1193 (10th Cir. 2025) (quoting *Adams v. Williams*, 407 U.S. 143, 148 (1972)). To allege the absence of probable cause,[12] Plaintiff must plausibly suggest "that the [d]efendants did not have sufficient evidence . . . to raise a substantial chance of criminal activity." *Brown v. City of Albion, Mich*., 136 F.4th 331, 342 (6th Cir. 2025). While "[p]robable cause is not a high bar," *Morphew v. Chaffee Cnty., Colo*., 172 F.4th 802, 818 (10th Cir. 2026) (citing *Kaley v. United States*, 571 U.S. 320, 338 (2014)), mere suspicion is not enough, *U.S. v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004) (citing *United States v. Morris*, 247 F.3d 1080, 1088 (10th Cir. 2001)). Probable cause is assessed objectively from the standpoint of an objectively reasonable officer. *Luethje*, 131 F.4th at 1193.

---

[12] In a claim of malicious prosecution, specifically, to survive dismissal, Plaintiff must "allege specific facts showing there was a lack of probable cause for [her] arrest *and prosecution*." *Morphew*, 172 F.4th at 817 (10th Cir. 2026) (emphasis added).

The major issue that impacts both potential claims in the TAC is that Plaintiff fails to plead the absence of probable cause. While Plaintiff generally alleges that her arrest, confinement, and prosecution were all without probable cause, *see* ECF 14 at 8, Plaintiff also alleges that Ms. Schmitt accused her of pointing a gun at her as Ms. Schmitt passed by Plaintiff's residence. *Id*. at 7. Although Plaintiff denies the truth of the claim made by Ms. Schmitt, *e.g., id*. at 25, Plaintiff fails to allege that law enforcement officers *knew* that the allegations made by Ms. Schmitt were untrue and still proceeded to arrest her and charge her with crimes.[13] Plaintiff's claims are against Defendants, the law enforcement officers involved in her arrest and prosecution, not against her neighbors for falsely accusing her of a crime. As the Tenth Circuit did in *Morphew*, this Court finds that even considering the well-pleaded facts in the TAC in a light most favorable to Plaintiff, she has failed to demonstrate a lack of probable cause supporting her arrest and prosecution by Defendants.

Based on the Court's findings relating to the failure to plead a lack of probable cause, the Court need not go further as such a deficit is fatal to both of Plaintiff's claims as pleaded in the TAC. However, if Plaintiff intends to bring a claim of malicious prosecution based on fabrication of an affidavit for an arrest warrant, then Plaintiff must not only plausibly allege that the affiant officer(s) *knowingly*, *or with reckless disregard for the truth,* included false statements or omitted information, *Kapinski v. City of Albuquerque*, 964 F.3d 900, 905 (10th Cir. 2020) (citing

---

[13] Any suggestion in the TAC that the Defendants knew Ms. Schmitt's statement about Plaintiff pointing a gun at her was false is conclusory and cannot be considered by the Court. *See, e.g*., ECF 14 at 9 ("Dep. Armstrong filed false charges against Ms. Kendall based on a false and distorted narrative containing material misrepresentation and omissions, perjury, and fabrication of evidence designed to fabricate probable cause."); at 27 ("in LCSO['s] and Armstrong's ASAW, he fabricates evidence, a gun, into my hand at the time of the incident.").

*Franks v. Delaware*, 438 U.S. 154, 171 (1978)), but Plaintiff must also address whether the information that remains in the arrest warrant, after all of the false information is removed, constitutes probable cause. *Marshall*, 640 F. Supp. 3d at 1056 (citing *Kapinski*, 964 F.3d at 905 (citing *Franks*, 438 U.S. at 171)).

The Court also notes other deficits in the TAC that support dismissal. As observed by Defendants, ECF 31 at 5, Plaintiff's TAC often raises claims against "All Defendants," yet Plaintiff fails to specify the conduct of each individual Defendant as part of each claim that would constitute a constitutional violation.[14] *See e.g.*, ECF 14 at 14-15 (Claim Three), at 15-16 (Claim Four), at 24-25 (Claim Six), at 25-26 (Claim Seven), at 27-28 (Claim Eight), and at 28-31 (Claim Nine). The failure to allege each Defendant's constitutional violation, *i.e.*, what each Defendant did to whom, can be grounds for dismissal. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citation omitted) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular constitutional acts they are alleged to have committed."). Additionally, Plaintiff's TAC asserts nine claims of malicious prosecution. Even construing the TAC liberally, none of them raise a plausible claim.

Finally, Plaintiff names LCSO as an additional Defendant in attempt to attribute liability under *Monell.* To successfully plead such a claim, Plaintiff "must show (1) the existence of a municipal policy or custom, and (2) that there is a direct causal link between the policy or

---

[14] The Court notes that Plaintiff's Response seems to focus on Defendant Armstrong. *See* ECF 41 at 3 ("Pattern of Misrepresentation and Fabrication by Investigator Armstrong"); at 32 ("The record demonstrates a consistent pattern of misconduct by Investigator Armstrong . . .").

custom and the injury alleged." *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (citing *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)). There are different forms of official policy, custom, or omission which can support such a claim. *Id*. (citing *Brammer-Hoelter v. Twin Peaks Charter Acad*., 602 F.3d 1175, 1189-90 (10th Cir. 2010)). In his Recommendation in this case, Magistrate Judge Gurley explained to Plaintiff the standard for pleading a claim against the LCSO under *Monell.* ECF 9 at 6-7.

Plaintiff's general references to customs, practices and policies of LCSO are all wholly conclusory. *See e.g*., ECF 14 at 15 ("Defendant has a custom, practice, or policy of tolerating violations of the Fourth Amendment of the United States Constitution."); at 19 ("LCSO polices and procedures, along with a lack of qualified supervision, permitted deputies to interpret legal documents, and then enforce the law according to their incorrect interpretation, without asking for any legal consultation or supervision.") To state a plausible claim under *Monell*, Plaintiff must take the extra step and plead some sort of supportive factual predicate to identify a particular policy or custom and how it contributed to her false arrest. *Erickson v. City of Lakewood*, 489 F. Supp. 3d 1192, 1206 (D. Colo. 2020) (noting plaintiff's failure to allege an official policy or practice of the municipal defendant); *Devloo v. Archuleta Cnty.*, No. 26-cv-00208-NYW-CYC, 2026 WL 2194742, at *7 (D. Colo. July 30, 2026) ("specific factual allegations must show both the existence of the policy and the policy's causation of the constitutional violation."). Here, the focus of Plaintiff's allegations is on the conduct of the individual deputies; she pleads nothing specific about LCSO's policies or practices that contributed to her alleged false arrest other than conclusory assertions of conspiracy, inadequate training, or a general institutional tolerance of unconstitutional practices. As a result, any claim

stated by Plaintiff under *Monell* is dismissed.

In conclusion, this Court finds that Plaintiff fails to plead any plausible claim in the TAC.[15] As a result, the Court grants Defendants' Motion to Dismiss [ECF 31]. However, because this Court liberally construes the potential of a plausible false arrest/false imprisonment and/or malicious prosecution claim, Plaintiff should be given leave to amend one or both of those claims. Dismissal of a case with prejudice is a harsh remedy, and as a general rule, a pro se plaintiff should have the opportunity to amend the complaint and cure pleading defects. *Hall*, 935 F.2d at 1109–10; *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (citation omitted) ("we have extended to pro se plaintiffs an opportunity to remedy defects potentially attributable to their ignorance of federal law and motion practice both in a summary judgment and in a Fed. R. Civ. P. 12(b)(6) context."). Plaintiff is advised that this may be her last amendment and it should be used wisely. And if Plaintiff wishes to bring a *Monell* claim or another type of claim not discussed herein as part of her Fourth Amended Complaint, then Plaintiff will need to seek the Court's leave to amend under Fed. R. Civ. P. 15(a)(2) to bring such a claim.

## CONCLUSION

The Defendants' Motion to Dismiss [ECF 31] is **granted** and all claims against all Defendants are **dismissed without prejudice**. This Court gives Plaintiff leave to file her Fourth Amended Complaint to assert one claim of malicious prosecution and/or one claim of false

[15] Based on the Court's findings, it need not address Defendants' qualified immunity argument. *See* ECF 31 at 13. Should Defendants raise such a defense in the future as part of a Rule 12 motion or otherwise, it should be noted that it must "adequately present" the defense. *See Berryman v. Niceta,* 143 F.4th 1134, 1140 (10th Cir. 2025) (citation omitted).

arrest/false imprisonment. Plaintiff shall file that Fourth Amended Complaint by **October 30, 2026**.

Should Plaintiff choose to proceed with a § 1983 claim against the LCSO or bring any other claim, then she will need to file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2), after conferral, and attach a copy of the proposed Fourth Amended Complaint as required by D.C.COLO.LCivR 15.1(b). She has until the same deadline of **October 30, 2026**, to do so.

Should any Party (or the Parties' jointly) see need to lift the stay either in whole or in part, then the Party shall file a motion to lift the stay.

SO ORDERED.

DATED at Denver, Colorado, this 30th day of September, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge